# EXHIBIT 19

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES D. SULLIVAN and LESLIE ADDISON, WILLIAM S. SUMNER, JR., RONALD S. HAUSTHOR, GORDON GARRISON, TED and LINDA CRAWFORD, and BILLY J. KNIGHT, Individually and on behalf of Class of persons similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION,<br>                  Defendant. | Civil Action No. 5:16-cv-000125-GWC |

## PLAINTIFFS' FOURTH SUPPLEMENTAL DISCLOSURES ON MERITS ISSUES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A) and the Discovery Order, Plaintiffs provide the

following Supplemental Disclosures on Class Certification and Merits Issues to Defendant.

Plaintiffs expressly reserve the right to supplement and/or amend these disclosures as appropriate

during the course of this action.  In addition to the disclosures made in Plaintiffs' earlier

Disclosures on Merits Issues, Plaintiffs supplement with the following:

1) **Fed. R. Civ. P. 26(a)(1)(A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

**DISCLOSURE:**

A. Named Plaintiff in the Class Action Complaint:
James D. Sullivan and Leslie Addison,
William S. Sumner, Jr., Ronald S. Hausthor,
Gordon Garrison, Ted and Linda Crawford,
and Billy J. Knight
c/o Langrock Sperry & Wool, LLC
111 South Pleasant Street

Middlebury, VT  05753
(802) 388-6356

In addition to Plaintiffs' prior disclosures, Plaintiffs have discoverable information concerning the value of their real properties, assuming their properties had never been contaminated with PFOA from Defendant's operations, and given that their properties have been contaminated with PFOA contamination from Defendant's operations.

2)  **Fed. R. Civ. P. 26(a)(1)(A)(ii):  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

**DISCLOSURE:**

Documents in the possession, custody, or control of the named Plaintiffs have been provided with Plaintiffs' discovery responses to date.

3)  **Fed. R. Civ. P. 26(a)(1)(A)(iii):  Computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

**DISCLOSURE:**

A.  In addition to prior disclosures regarding the categories of damages claimed by Plaintiff, as set out in the Complaint filed in this matter, Plaintiffs disclose as follows:

1.  Diminution of property value:  Plaintiffs will testify to the value of their real properties, assuming their properties had never been contaminated with PFOA from Defendant's operations, and given that their properties have been contaminated with PFOA contamination from Defendant's operations.  Plaintiffs will rely, in part, on documents produced to date in discovery.  The bases for their opinions include, but may not be limited to, their familiarity with their properties, including their investments in their properties, the amenities on their properties, the amenities in their communities, the areas in which their properties are located, their understanding of PFOA contamination on their properties and in the Zone of Contamination generally, any assessments or appraisals of their properties, and the disclosures they, as sellers of their properties, believe they would have to share with prospective purchasers.  In particular:

a.  Plaintiffs Sullivan and Addison will testify that the value of their property assuming no PFOA contamination from Defendant's operations is $400,000 to 420,000; the value of their property given the PFOA contamination from Defendant's operations is $280,000 to 300,000.

b.  Plaintiff Knight will testify that the value of his property assuming no PFOA contamination from Defendant's operations is $365,000 to 370,000; the value of his property given the PFOA contamination from Defendant's operations is $240,000 to 245,000.

c.  Plaintiff Sumner will testify that the value of his property assuming no PFOA contamination from Defendant's operations is $270,000 to 280,000; the value of his property given the PFOA contamination from Defendant's operations is $185,000 to 190,000.

d.  Plaintiff Hausthor will testify that the value of his property assuming no PFOA contamination from Defendant's operations is $290,000 to 300,000; the value of his property given the PFOA contamination from Defendant's operations is $ 200,000 to $210,000.

e.  Plaintiffs T. and L. Crawford will testify that the value of their property assuming no PFOA contamination from Defendant's operations is $185,000 to 200,000; the value of their property given the PFOA contamination from Defendant's operations is $140,000 to 155,000.

f.  Plaintiff Garrison will testify that the value of his property assuming no PFOA contamination from Defendant's operations is $320,000 to 330,000; the value of his property given the PFOA contamination from Defendant's operations is $255,000 to 265,000.

2.  Plaintiffs will testify to their lost use and enjoyment of their properties, but will leave valuation of such harms and losses to the jury.

3.  Plaintiffs will testify to the distress and upset, annoyance and inconvenience, of discovering and living with the PFOA contamination on their properties, but will leave valuation of such harms and losses to the jury.

4.  Those Plaintiffs who have ingested PFOA in their drinking water, and whose blood tests confirm PFOA in their blood serum above national background levels, will testify to the experience of having such elevated levels in their blood, including their distress and upset, annoyance and inconvenience, but will leave valuation of such harms and losses to the jury.

(SEE next page for signature)

3

Dated this 2nd day of April, 2018.

*s/ Emily J. Joselson*
Emily J. Joselson, Esq.
James W. Swift, Esq.
LANGROCK SPERRY & WOOL, L.L.P.
P.O. Drawer 351
Middlebury, VT 05753
T: (802) 388-6356
F: (802) 388-6149
ejoselson@langrock.com
jswift@langrock.com

Gary A. Davis. Esq.
(*Pro Hac Vice*)
James S. Whitlock, Esq.
(*Pro Hac Vice*)
Douglas A. Ruley, Esq.
DAVIS & WHITLOCK, P.C.
21 Battery Park Ave., Suite 206
Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
druley@enviroattorney.com
jwhitlock@enviroattorney.com
gadavis@enviroattorney.com

Robert E. Woolmington, Esq.
WOOLMINGTON, CAMPBELL, BERNAL
& BENT, P.C.
4900 Main Street
P.O. Box 2748
Manchester Center, VT 05255
T: (802) 362-2560
F: (802) 362-7109
rob@greenmtlaw.com

David F. Silver, Esq.
Timothy M. Andrews, Esq.
BARR STERNBERG MOSS SILVER &
MUNSON, P.C.
507 Main Street
Bennington, VT 05201
T: (802) 442-6341
F: (802) 442-1151
tandrews@barrsternberg.com
dsilver@barrsternberg.com

*Attorneys for Plaintiffs*

717207.1