UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES D. SULLIVAN, LESLIE ADDISON, WILLIAM S. SUMNER, JR., RONALD S. HAUSTHOR, GORDON GARRISON, LINDA CRAWFORD, TED CRAWFORD, and BILLY J. KNIGHT, individually, and on behalf of a Class of persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION,<br><br>    Defendant. | Case No. 5:16-cv-125 |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PROPERTY VALUATION and REPLACEMENT COST DAMAGES**
**(Doc. 321)**

I. **Diminution of Property Value**

Defendant moves for summary judgment on the ground that Plaintiffs lack admissible evidence of the cause of any diminution in property values. (Doc. 321-1 at 29.)[1] Plaintiffs respond that the court's order recognizing the right of a property owner to testify to the value of his or her property (Doc. 301) has already answered the question. On the basis of the plaintiffs' lay opinion evidence alone, they seek to prove a loss of value ranging from 20 to 34 percent of the value of their homes. (*See* Doc. 216-2; Doc. 227-2 at 3–4.)

---

[1] Defendant's motion seeks summary judgment on three issues. The court previously ruled on the first issue—the availability of medical monitoring. (*See* Doc. 336.) Although the court stated in that decision that it was denying Defendant's summary judgment motion, the court's decision addressed only the issue of medical monitoring and did not resolve the remaining two issues in the motion. The court returns to those remaining issues here.

1

Plaintiffs rely on *Allen v. Uni-First Corp.*, 151 Vt. 229, 558 A.2d 961 (1988), in which the Vermont Supreme Court reversed a jury verdict for the defendant because the trial court confined the basis for a potential finding of liability to the contamination of the town well and the public school. In reaching this ruling, the Court recognized that the plaintiffs—testifying as individual property owners—had offered opinion evidence about "(1) real estate values prior to media reports in July of 1983 concerning the contamination; (2) markedly decreased values as of July, 1983; and (3) offers and completed sales at these decreased values. They also heard plaintiffs testify that the sudden decrease in values could be attributed to no other factor." *Id.* at 235, 558 A.2d at 963.

The court will defer ruling on the motion for summary judgment until after the jury returns a verdict on the class issues. If the defense wins on the issue of liability, the question will be moot. If the plaintiffs win, the court will schedule the first group of individual cases for trial. At that point, the court can address the evidence proffered by each plaintiff on causation and loss of value. The court adopts the same approach to the motion for summary judgment concerning plaintiff Garrison's stigma claim.

But a note of caution is only fair. The discussion in *Uni-First* of the manner in which the plaintiffs testified to the changes in real estate values at the first trial was not the subject of the appeal. Nor was the *Uni-First* Court's conclusion that proof of causation was an appropriate area for lay opinion testimony. The *Uni-First* Court used these points to support its view that the trial court jury unfairly restricted the jury to considering the contamination of the public well and the public school.

This court has warned that proof of the reasons why property loses value may fall beyond the competence of each individual landowner. (*See* Doc. 301 at 5–6.) Plaintiffs allege

2

substantial diminishment of property value in percentage terms. But they offer no expert appraisal testimony to confirm that these losses are borne out by real estate sales in the contaminated zone over the course of the last ten years or that the change in values within the contaminated zone differs from the experience throughout Bennington County. Section 1604 of Title 12 does not give a property owner carte blanche to testify as a qualified expert in real estate appraisal or to offer hearsay to the jury as the basis for her opinion.[2]

To repeat, the court will not attempt to answer these questions now on the basis of general representations of what an individual plaintiff might say, and before any jury verdict on liability. Instead, the court will take up the issue before subsequent trials at which individual plaintiffs are expected to testify on issues of causation and damages. The court and the parties will have to consider how to comply with 12 V.S.A. § 1604 and Rule 701 at the same time.

## II. Replacement Cost Damage Theory

The court has previously ruled that plaintiffs may not recover damages for the cost of capital improvements to the municipal water supply. (Doc. 300 at 46.) The basis for the ruling was standing. "What tort law does not permit is for the individual plaintiffs or the class of exposed individuals and well owners to sue on behalf of the town." (*Id.* at 47.) Since neither of the municipalities potentially involved in the case has intervened, the claim that the towns will

---

[2] The profession of real estate appraiser is licensed in Vermont. 26 V.S.A. § 3311 et seq. Appraisers must pass an exam based on standards set by the national Appraiser Qualifications Board. *Id.* § 3318. These include proficiency in the Uniform Standards of Professional Appraisal Practice (USPAP). These standards establish a reliable methodology for estimating the value of real property for purposes ranging from tax assessment to qualifying for financing. The Appraisal Standards Board which develops the USPAP standards provides guidance about the appraisal of contaminated sites. *See* 2016-27 USPAP, Advisory Opinion 9 ("The Appraisal of Real Property That May Be Impacted by Environmental Contamination."). As this discussion indicates, Vermont law recognizes that the appraisal of real estate is a complex and sophisticated undertaking which requires considerable professional expertise.

incur greater costs in the future due to greater demand for municipal water is not before the court. Defendant seeks a partial summary judgment order on this issue. This issue was effectively decided when the court excluded plaintiffs' expert testimony on the replacement cost issue. The court grants partial summary judgment to defendant on this issue.

## CONCLUSION

The court defers ruling on the motion for summary judgment (Doc. 321) as it affects lay opinion of property value until the question is presented in the context of a trial at which the property owner seeks to testify. The court grants partial summary judgment to the defendant on the issue of replacement cost damages claimed by Plaintiffs on behalf of the municipalities of Bennington and North Bennington.

Dated at Rutland, in the District of Vermont, this 4th day of February, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court