UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES D. SULLIVAN, LESLIE ADDISON, WILLIAM S. SUMNER, JR., RONALD S. HAUSTHOR, GORDON GARRISON, LINDA CRAWFORD, TED CRAWFORD, and BILLY J. KNIGHT, individually, and on behalf of a Class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION,<br><br>Defendant. | Case No. 5:16-cv-125 |

**COURT RULING ON YOUTUBE AND INTERNET SITE**

The question of class notice in this class action groundwater-contamination case has been at issue for more than a year. (*See* Doc. 343.) In the weeks preceding the release of formal notice to the property class members under Fed. R. Civ. P. 23(c)(2)(B), Plaintiffs scooped the court with a website and a YouTube video of their own. The website uses the same URL that both parties had suggested in their proposed class notices.

The court has reviewed both the website and the YouTube video. The video features the two Vermont lawyers on the plaintiffs' team, delivering an abbreviated version of an opening statement. The website contains selected information about the case and laudatory information about the attorneys. It also contains a "contact" feature that permits residents to provide their names and addresses to Plaintiffs' counsel.

Although the court questions the judgment of Plaintiffs' counsel in praising themselves and vilifying the defendant in a setting where the defendant has no opportunity to respond,

particularly when settlement discussions are ongoing, neither the YouTube video nor the internet site contains obviously false statements. (The court disagrees with the video's characterization of property owners as "experts," but this issue is better dealt with at trial by maintaining control over the questions asked of the parties.) Potential jurors may be questioned about their exposure to the video and the website and the potential effect of these on their views of the case.

The court is not inclined to order the plaintiffs to take down either the website or the YouTube video. These may open the door to a freer presentation by the defendant of its position, especially concerning settlement, than the court had originally envisioned. But that is an issue for another day, and one which the court requests the defendant to discuss first with the court and the other side. The website has effectively disqualified itself as a neutral site, endorsed by the court. Instead, it belongs to one side and serves that side's purposes. It is not a "class notice" subject to the requirement of objectivity and neutrality. *Cf. Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980) ("Unapproved notices to class members which are factually or legal incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice."). With the originally-proposed URL now in use by the plaintiffs, the court and the parties will have to develop a different mechanism for communicating the notice online to the class members.

The court considered ordering a disclaimer to be posted on the website indicating that it is not court-sanctioned. But having reviewed the site, no one is likely to come to that conclusion. Like the video, it is an effort to change minds and influence people in advance of the court process. Although the website does not identify its author, anyone who reads it through will understand that it must come from Plaintiff's counsel. Visitors to these sites are not likely to confuse the site with a statement from the court.

2

For these reasons, the court denies Defendant's request that it order Plaintiffs' counsel to take down the website and the video.

Dated at Burlington, in the District of Vermont, this 8th day of February, 2021.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court