UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMES D. SULLIVAN, LESLIE )
ADDISON, WILLIAM S. SUMNER, JR., )
RONALD S. HAUSTHOR, GORDON )
GARRISON, LINDA CRAWFORD, TED )
CRAWFORD, and BILLY J. KNIGHT, )
individually, and on behalf of a Class of )
persons similarly situated, )
                                          )
         Plaintiffs,              )
                                          )
    v.                                    )       Case No. 5:16-cv-125
                                          )
SAINT-GOBAIN PERFORMANCE   )
PLASTICS CORPORATION,     )
                                          )
         Defendant.            )

**ORDER SETTING HEARING ON ATTORNEYS FEES**

This groundwater contamination class action contains two primary claims: payment by Defendant for the cost of future medical monitoring and compensation of property owners within the zone identified by state regulators as lying within the likely confines of the area contaminated by PFOA (the "Zone"). The parties have reached a settlement in principle on the medical monitoring claim. Agreement on the terms of individual compensation has proved to be more difficult. Talks between the two sides continue outside of the knowledge of the court under the supervision of a special settlement master.

In autumn 2020, Defendant sought court permission to make a direct offer of settlement to the property owners of $4,000 for each property within the Zone and $10,000 for properties on private wells within the Zone that tested above state limits for PFOA contamination. Plaintiffs opposed this initiative. The court has approved the direct settlement procedure. The court requested proposed language for inclusion within the class action notice. (Doc. 385 at 13.)

On November 19, 2020, Defendant provided draft language which included a provision stating that property owners who accepted the direct offer would owe no attorneys fees. (Doc. 393-1 at 9.) Plaintiffs objected to that provision. (*See* Doc. 390 at 12–16.) Defendant replied, arguing that individuals "who have not entered an agreement with Plaintiffs' Counsel or submitted to the Court's jurisdiction cannot have their recoveries garnished for the benefit of Plaintiffs' Counsel." (Doc. 397 at 15.)

Following a hearing on January 15, 2021, the court requested that the parties submit memoranda concerning their positions on attorneys fees and expenses. (Doc. 403.) The court sought briefing on three issues: (1) the court's authority to condition notice of the direct offer on the inclusion of a provision for attorneys fees and expenses; (2) the percentage sought or other basis for calculation of a fee; and (3) the facts supporting an attorneys fee award. (*Id.* at 1.)

In response, Plaintiffs assert that the "common fund" doctrine, Fed. R. Civ. P. 23, and the court's equitable powers authorize the court to condition notice of the direct offer on the inclusion of a provision for attorneys fees and expenses. (Doc. 406 at 2–12.) They argue that a reasonable fee would be 1/3 of the total amount of the direct offer plus litigation costs. (*See id.* at 12.) They have attached attorney declarations in support of that figure. (Docs. 406-1, 406-2, 406-3.)

Defendants have submitted their own memorandum in which they argue that there is no "common fund" subject to the court's jurisdiction. (Doc. 421 at 8.) Defendants further contend that if any fees are awarded, the sum should be 3% of the payments actually made in response to the direct offer. The 3% would be in addition to the payments to property owners who accept the offer. (*Id.* at 12.)

2

I.      **"Common Fund" Doctrine**

In *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), the Supreme Court recognized the broad application of the common fund doctrine to class action recoveries. The issue of attorneys fees for parties who resolve their claims by opting out of class actions or retaining their own attorneys in multidistrict litigation (MDL) is most frequently resolved through the application of the doctrine. In some cases, class members have elected to opt out in order to pursue their own claims independently. Courts have required such opt-outs to share in the expense of class counsel upon proof that they benefited from the representation. *In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 644, 659 (E.D. Pa. 2003) (opt-out plaintiffs who filed independent lawsuits required to share in the cost of class counsel because they benefited from discovery and favorable court rulings); *Smilovits v. First Solar, Inc.*, No. CV2:12-cv-00555-DGC, 2019 WL 6841736 (D. Ariz. Dec. 16, 2019) (opt-out class members required to contribute 10% of their recovery to set-aside fund for possible payment of fees to class counsel). The imposition of an attorney fee order affecting opt-out members is consistent with the leading commentators. *See McLaughlin on Class Actions* § 6.25 (2020) ("Although at first glance it seems anomalous, there is authority for a court to establish a procedure under which class counsel is compensated in part by class members who opt-out of a certified class if the opt-outs benefit from the services of class counsel.")

The court rejects defendant's argument that it lacks jurisdiction over the opt-out members. That will be true after they leave the class. But the court clearly has jurisdiction over the notice of the direct offer and the fairness of its provisions. The direct offer is made to settle claims which class counsel have developed through years of litigation. The case for an award of attorneys fees is strengthened because the opt-out class members who accept the direct offer are

3

not leaving the class to pursue independent claims as in the *Linerboard* case. They are leaving the class to obtain an immediate settlement. That settlement is the result of the efforts of class counsel.

The court's decision to permit the direct offer to be made through the class action notice process is discretionary. One manner in which the court exercises this discretion is by considering whether the offer is fair to all parties, including class counsel who provided the representation which resulted in the offer. The court is not willing to permit a direct offer which does not also address the attorneys fee issue. The court is also extremely reluctant to take money away from individual class action members who choose to accept the direct offer. That course would greatly reduce the recovery to these individuals. The fairest way to resolve the dispute is to condition the court's approval of a class action notice that includes a direct offer on a reasonable attorneys fee paid by the defendant. Participation by the defendant in the direct offer remains voluntary. The minimum offer which the court will approve, however, must include a reasonable provision covering the opt-out plaintiffs' contribution to the fees of class counsel. The court will assess these fees by requiring a percentage fee to be paid on each individual settlement obtained through the direct offer process.

The court rejects plaintiffs' proposal that they receive a percentage of the total amount of the direct offer without regard to how many class members accept it. The fee attributable to the claim of a class member who *rejects* the direct offer is contingent upon some later settlement or success at trial. An attorneys fee is due now only for settlements which are achieved through the direct offer process.

## II. Calculation of the Fee

The court seeks more evidence on which to assess whether the attorney's fee should be three percent on top of the direct settlement payment (Defendant's position) or 1/3 of the recovery (Plaintiff's position). In all likelihood, the percentage should lie somewhere between these positions. The court will schedule a hearing on Zoom to permit both sides to address this issue. Facts that will be of particular interest to the court include:

- The percentage fee voluntarily agreed to by both sides in the medical monitoring context;

- A reasonable estimate of the time charges and litigation expenses associated with the property value claims as opposed to other aspects of the case such as medical monitoring;

- The discount, if any, properly applied for settlement prior to trial;

This list is not exhaustive. The court will be glad to hear from both sides on other factors which either side deems relevant. The court recognizes that it has already received considerable information from the plaintiffs on this issue. (*See* Docs. 406-1, 406-2, 406-3.)

Following the hearing, the court anticipates issuing an order setting a percentage fee which it will require as a condition for proceeding with the direct offer. Defendant will then make a decision about whether to go forward with the direct offer process, including the additional attorney fee obligation. The claims of class members who remain in the class and do not settle will not generate a fee in the direct offer process. If a property owner who accepts the direct offer already has a written fee agreement with plaintiffs' counsel, the existing fee agreement governs.

### III. Sealing

The court has previously sealed pleadings, transcripts and a court order concerning the direct offer on a temporary basis because these pleadings concerned pending settlement negotiations. The court was explicit in urging the parties to reach an agreement which both sides could endorse. That has not happened yet. Defendant has filed a motion to unseal these filings. (Doc. 422). The court will not rule on the motion until plaintiffs have had an opportunity to respond. But the court will not seal this order because it concerns the scheduling and conduct of a public hearing. There is little likelihood that the case meets criteria for the extreme measure of closing a federal courtroom.

### Conclusion

The court will condition notice of the direct settlement offer on the inclusion of a provision for attorneys fees and expenses. The court will schedule a hearing to hear the evidence necessary to calculate the percentage fee.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 18th day of March, 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court