UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES D. SULLIVAN, *et al.*, individually, and on behalf of a Class of persons similarly situated, | |
| *Plaintiffs*, | Case No. 5:16-cv-00125-GWC |
| v. | Hon. Geoffrey W. Crawford |
| SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, | |
| *Defendant*. | |

**PLAINTIFFS' RESPONSE TO OBJECTION**

Plaintiffs James D. Sullivan, Leslie Addison, Ronald S. Hausthor, Gordon Garrison, Ted Crawford, Linda Crawford, and Billy J. Knight, on behalf of themselves and Members of the Property Class and Exposure Class, by and through Class Counsel, and pursuant to Section V.6.e. of the Settlement Agreement [Doc. 477-2], submit this response to the "objection" filed by Class Members James and Wendy Conway [Doc. 476], the sole objection filed to the settlement in this matter.

As this Court is aware, the Conways filed a letter with the Court titled "Objection" [Doc. 476] ("Conway Objection"), dated February 2, 2022, and date-stamped as filed by the Court on February 7, 2022.[1]  Although praising the overall settlement, under which they will receive fair compensation relative to the Class, the Conways object to the amount they are scheduled to receive, based on factors pertaining to the sale of their property "at a reduced value as a result of contamination."  [Doc. 476, at ¶ 3].

---

[1] The letter was not sent to Class Counsel and Saint-Gobain's Counsel as required by the Class Notice, and it is not clear that it was postmarked no later than February 2, 2022, as required.

Plaintiffs urge the Court to reject the Conway Objection on its substance.  The Conway Objection does not criticize the terms of the Settlement Agreement itself, nor the overall amount of the Property Class Settlement.  Rather, they object to "the allocation of settlement funds within the Property Class."  [Doc. 476, at 2].  Their stated concern is that, having sold their property at a loss allegedly due to the PFOA contamination, their proposed allocation does not equal their alleged actual damages, which they state they could prove had there been no class-wide settlement, and if they were permitted to proceed to a damages trial.  [*Id.*, at 2-3].

First, the Conways are the only parties who object to their settlement allocation.  Although they maintain that "there are other Class Members who had similar losses," [*id.*, at 3], importantly, no other Class Members have filed objections.  [*See* Counsel letter re: Objections and Opt-Outs, March 25, 2022].  "It is well-settled that the reaction of the class to settlement is perhaps the most significant factor to be weighed in considering its adequacy."  *Maley v. Del Global Techs. Corp.,* 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002).  Indeed, the lack of numerous class member objections "may itself be taken as evidencing the fairness of the settlement."  *RMED Int'l Inc. v. Sloan's Supermarkets, Inc.,* No. 94 CIV5587, 2003 WL 21136726, at *1 (S.D.N.Y. May 15, 2003).

Plaintiffs submit that the compensation already allocated to the Conways under the metrics approved by the Special Master is fair and appropriate.  Under the current settlement matrix, numerous factors are taken into account, such as the nature of the property (developed or undeveloped), the property's water supply (well or municipal) at that time, and the level of PFOA in such wells.  *See* Schraven Decl., [Doc. 477-4] ¶ 13.  Thus, the Conways are covered by the settlement matrix, which, as Special Master Schraven concluded, treats Class Members "equitably relative to each other."  *Id.* ¶ 8.  That matrix "is substantively fair, reasonable, and adequate in that the relief provided is substantial, particularly when taking into account the costs, risks and delays

of a liability trial, multiple damages trials, and any appeals." *Id.* ¶ 10.

Second, the Court should find that the Conway Objection is not well-taken, because it would be impracticable in the administration of the Settlement to consider individual damages evidence for all Class Members who believe they have sustained greater damages than the Settlement provides.  It would also be difficult, without expert proof, to tease out the impacts of the PFOA contamination on the sale price of this – or any – individual property with any accuracy, given all the potential market factors that influence a sale price.

Third, were the Court to accept the Conway Objection, and allocate more funds to these Class Members, it would undermine the proposed Settlement timeline.  It could require the Court and the parties to wholly revisit the timeline of the Settlement Agreement, which generally sets forth the methods for allocating the Property Class Settlement based on general categories of property contamination and other variables.  [Doc. 477-2, Sec. V].  It would also require revisiting Plaintiffs' Proposed Method for Allocating Property Settlement [Doc. 462, *filed under seal*], and this Court's Preliminary Approval Order [Doc. 470], which preliminarily approved the proposed allocation based on the review and recommendation of Special Master John A. Schraven [Doc. 477-4].  [Doc. 470, ¶¶ 13, 17].  Those changes might include the issuance of new notice, which would be costly and inefficient and could diminish the total recovery of the Class.  And that undertaking is unnecessary where no other party has objected to the amounts of its allocation.

The proposed Settlement treats class members equitably relative to each other based on an objective allocation methodology.  The Special Master recommended that method, and the Court preliminarily approved it following the parties' answers to the Court's questions and concerns.  [Doc. 477-1, at 16-22].  Because no other Class Members have registered any objection to the Settlement, Plaintiffs respectfully request the Court to reject the Conway Objection, and grant

1427010.1

Final Approval to the parties' proposed Property Class Settlement.

## CONCLUSION

Plaintiffs respectfully request that the Court reject the Conway Objection, and approve the Settlement based on a finding that it is fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Emily J. Joselson
Emily J. Joselson, Esq.
James W. Swift, Esq.
LANGROCK SPERRY & WOOL, L.L.P.
P.O. Drawer 351
Middlebury, VT 05753
T: (802) 388-6356
F: (802) 388-6149
ejoselson@langrock.com
jswift@langrock.com

Gary A. Davis, NC Bar No. 25976
(*Pro Hac Vice*)
James S. Whitlock, NC Bar No. 34304
(*Pro Hac Vice*)
DAVIS & WHITLOCK, P.C.
21 Battery Park Ave., Suite 206
Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

David F. Silver, Esq.
BARR STERNBERG MOSS SILVER &
MUNSON, P.C.
507 Main Street
Bennington, VT 05201
T: (802) 442-6341
F: (802) 442-1151
dsilver@barrsternberg.com

Class Counsel

1427010.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2022, a copy of the foregoing was filed electronically in the United States District Court for the District of Vermont.  Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

The undersigned also certifies that a copy of the foregoing was served on the following non-NEF parties by first-class mail, postage prepaid, to:

James F. Conway, III                          Wendy I. Conway
12 Sandalwood Drive                           32 Bay Road
South Burlington, VT  05403                    Colchester, VT  05446


/s/ Emily J. Joselson
Attorney for Plaintiffs

1427010.1