**Litigation Settlement Bond**

**Travelers Casualty and Surety Company of America**
One Tower Square, Hartford, CT 06183
**Bond No. 107461197**

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

JAMES D. SULLIVAN, *et al.*, individually, and on behalf of a Class of persons similarly situated,

        *Plaintiffs*,

v.

SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION,
        *Defendant*.

Case No. 5:16-cv-00125-GWC

Hon. Geoffrey W. Crawford

**LITIGATION SETTLEMENT BOND**

KNOW ALL PEOPLE BY THESE PRESENTS, that we, Saint-Gobain Performance Plastics Corporation, a _____ corporation ("Saint-Gobain") as Principal, and Travelers Casualty and Surety Company of America, a corporation organized under the laws of the State of Connecticut and authorized to do business in the State of Vermont, as Surety, are held and firmly bound unto the Plaintiffs and members of the Exposure Class in connection with the Medical Monitoring Program, as Obligee, in **the maximum aggregate penal sum of Four Million Four Hundred Thousand and 00/100 Dollars ($4,400,000.00)**, lawful money of the United States of America, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by this instrument.

**RECITALS**

A. On August 23, 2019, the Court certified two classes in the above referenced matter (the "Action"): the "Exposure Class," and an issue class for purposes of determining liability only for alleged property damage (collectively, the "Certified Classes").

B. Saint-Gobain and its predecessor operated certain manufacturing facilities in Bennington and North Bennington, Vermont (the "Facilities").

C. Plaintiffs have asserted claims against Saint-Gobain alleging that Saint-Gobain is liable for various damages based on the presence of Perfluorooctanoic Acid ("PFOA") in their drinking water and/or in groundwater and soil on their property. The Plaintiffs further allege that PFOA was released from the Facilities. Saint-Gobain has denied and continues to deny any wrongdoing in connection with the operation of the Facilities, and further denies any liability in connection with Plaintiffs' claims.

D. The parties have decided to settle this Action and any related claims, which they believe is in the

SIGNED, SEALED AND DATED this 17th day of January, 2021.

Principal
Saint-Gobain Performance Plastics Corporation

By _____
By Its: Vice President Composite Systems

SIGNED, SEALED AND DATED this 6th day of December, 2021.

Travelers Casualty and Surety Company of America

By _____
Leslie Patterson, Attorney-in-fact

Approved this 18th day of April, 2021

_____
[U.S. District Court Judge]
Or

_____
[Court Clerk]



| | Travelers Casualty and Surety Company of America<br>Travelers Casualty and Surety Company<br>St. Paul Fire and Marine Insurance Company |
|---|---|

## POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint _____ Leslie Patterson _____ of _____ Knoxville _____, _____ Tennessee _____, their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **21st** day of **April, 2021**.



State of Connecticut

By: _____
Robert L. Raney, Senior Vice President

City of Hartford ss.

On this the **21st** day of **April, 2021**, before me personally appeared **Robert L. Raney**, who acknowledged himself to be the Senior Vice President of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2026**

_____
Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes**, the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this ___ **6th** ___ day of ___ **December** ___, **2021**.

  

_____
Kevin E. Hughes, Assistant Secretary

*To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.*
*Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.*

best interests of the parties, after considering the facts and applicable law and the risks, costs, delay, and uncertainty of continued litigation, and after engaging in extensive, arm's-length negotiations.

       E.    The parties have entered into a Class Settlement Agreement ("Agreement") dated November 10, 2021, which Agreement has been filed in the Action.

       F.    The Agreement provides for, among other relief, for the establishment of a Medical Monitoring Program (the "Program"). The Program shall provide for certain testing and other diagnostic services for certain participating Exposure Class members who enroll in the Program, are found to be eligible, and complete the Initial Informational Survey and Screening Consultation, as set forth in the Agreement.

       G.    The Program shall be funded in accordance with the terms of the Agreement by payments from Saint-Gobain, which payments shall not exceed Six Million Dollars (the "Maximum Medical Monitoring Program Payment Amount"), and which shall be deposited into a certain Escrow Account, as defined in the Agreement, and established by the Court as a Qualified Settlement Fund within the meaning of United States Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 and subject to the Court's jurisdiction and authority to facilitate the effectuation of this Settlement (the "Qualified Settlement Fund").

       H.    The Agreement requires that Saint-Gobain provide reasonable assurances and guarantees, in the form of a bond, that it will make the funding available for the 15-year duration of the Program up to the Maximum Medical Monitoring Program Payment Amount.

NOW, THEREFORE, the condition of this obligation is that if Saint-Gobain shall satisfy all of the settlement payment terms related to the Program set forth in Agreement, up to the Maximum Medical Monitoring Program Payment Amount, **subject however to the maximum aggregate penal sum** stated herein, this obligation shall be void; otherwise it shall remain in full force and effect, provided further that the maximum aggregate penal sum shall be reduced by the total amount of incremental funding payments made by Saint-Gobain.

This Bond is subject to the following express conditions:

1.    The Surety's payment obligations into Qualified Settlement Fund under this Bond shall arise only after (1) the Program Administrator, as defined in the Agreement, has notified in writing the Designated Representatives for Saint-Gobain, as defined in the Agreement, of the failure to fund the Program as required by the Agreement (the "Notice"), and (2) if Saint-Gobain does not cure its failure to fund the Program within thirty (30) days after Notice is given, the Program Administrator has sought and received Court approval to execute on the Bond for the remaining balance necessary to fund the Program under the Agreement, which Court approval shall be provided to the Surety.

2.    This Bond may be canceled at any time upon sixty (60) days advance written notice from Surety to Obligee. On the effective date of such 60-day cancellation notice, the Surety is discharged and relieved of any liability, it being understood and agreed, however, that Surety will be liable for any loss accruing up to the effective date of said 60-day cancellation notice, in no event, however, in excess of the penalty of this Bond.

3.    Regardless of the number of years this Bond is in force or the number of continuation certificates issued, the liability of the Surety shall not be cumulative in amounts from period to period and shall in no event exceed the amount set forth above, or as amended by Rider to this Bond.

4.    Any notice, demand, certification, or request for payment, made under this Bond shall be made in writing to the Surety at the address specified below. Any demand or request for payment must be made prior to the expiry date of this Bond.

       Surety Address:    Travelers Casualty and Surety Company of America
                                      One Tower Square
                                      Hartford, CT  06183
                                      Attn:  Vice President of Commercial Surety Bond Claim